# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CRONIN, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-1081 |
| v. | (JUDGE CAPUTO) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Count I of Plaintiff's Complaint insofar as Plaintiff claims that he was denied medical benefits in bad faith. For the reasons set forth below, Defendant's motion will be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.

## BACKGROUND

On April 19, 2006, Plaintiff filed a Complaint in the Pike County Court of Common Pleas alleging that he was injured in a motor vehicle accident, on or about February 18, 2005, and that Defendant, with which Plaintiff held an insurance policy, refused to pay medical and wage loss benefits to Plaintiff. (Doc. 2-1 ¶¶ 1-2, 8.) Plaintiff's Complaint contains two claims. In Count I, Plaintiff asserts a claim against Defendant under the Pennsylvania Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371, alleging that he was denied first party medical and wage loss benefits in bad faith by Defendant. In Count III [sic – Count II], Plaintiff raises a claim for breach of the insurance contract.

On May 26, 2006, Plaintiff's action was removed to this Court by Defendant based on diversity of citizenship and an amount in controversy in excess of $75,000. (Doc. 1-1.)[1] Thereafter, on June 2, 2006, Defendant filed a motion to dismiss (Doc. 2-1), as well as a brief in support of its motion (Doc. 3).  Plaintiff filed a brief in opposition to Defendant's motion on July 19, 2006. (Doc. 10.)  Consequently, Defendant's motion to dismiss is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn*

---

[1] On June 26, 2006, Plaintiff moved this Court to remand his action to state court, arguing that the amount in controversy did not satisfy the jurisdictional requirement. (Doc. 7.)  On October 12, 2006, the Court denied Plaintiff's motion. (Doc. 13.)

*Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendant argues that the Pennsylvania Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371, is preempted by section 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CONS. STAT. ANN. § 1797.  As such, Defendant contends that Plaintiff's statutory bad faith claim must be dismissed insofar as it relates to Defendant's alleged refusal to pay medical loss benefits.  The Court agrees.

The bad faith statute provides that, if a court finds that an insurer has acted in bad faith toward the insured, the court may award interest at the rate of prime rate plus 3%, punitive damages, as well as court costs and attorney fees against the insurer. 42 PA. CONS. STAT. ANN. § 8371.

Under section 1797 of the MVFRL, an insured seeking first party medical benefits may be entitled to benefits plus 12% interest, as well as costs and attorney fees, if the

court finds that treatment was medically necessary. 75 PA. CONS. STAT. ANN. § 1797. Additionally, if the insurer does not submit the insured's claim to a peer review organization, and the court finds the insurer's denial of benefits to be wanton, the insured is entitled to treble damages. *Id.*

The Third Circuit Court of Appeals has held that section 1797 of the MVFRL provides "the exclusive first party remedy for bad faith denials by insurance companies with respect to claims arising out of automobile accidents." *Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 67 (3d Cir. 1994). Thus, section 1797 of the MVFRL preempts the bad faith statute. Plaintiff's claim that he was denied first party medical benefits in bad faith will therefore be dismissed.[2]

---

[2] The Court notes that, even if the holding in *Gemini* has been somewhat called into question because the Third Circuit Court of Appeals explicitly relied on a Pennsylvania Superior Court decision, *Barnum v. State Farm Mut. Auto. Ins. Co.*, 635 A.2d 155 (Pa. Super. 1993), that was subsequently reversed by the Supreme Court of Pennsylvania, *Barnum*, 652 A.2d 1319 (Pa. 1994), the Court would still find that the bad faith statute is preempted by section 1797 of the MVFRL. Under Pennsylvania law, when statutes are irreconcilable, a specific provision is to take effect over a general provision unless the general provision was enacted later and manifests an intention of the general assembly that it should prevail. 1 PA. CONS. STAT. ANN. § 1933. Here, both statutes punish similar conduct on the part of the insurer, yet provide different remedies. Thus, they are irreconcilable. The specific provision contained within the MVFRL thus takes precedence over the general bad faith statute, as the bad faith statute was not enacted later nor manifested an intent that it should prevail. *Harris v. Lumberman's Mut. Cas. Co.*, 409 F. Supp. 2d 618, 620-21 (E.D. Pa. 2006).

## CONCLUSION

For the above stated reasons, the Court will grant Defendant's motion to dismiss Count I of Plaintiff's Complaint insofar as Plaintiff claims that he was denied first party medical benefits in bad faith.  An appropriate Order will follow.


 October 30, 2006                                           s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CRONIN,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO. 3:06-CV-1081

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this  30th  day of October, 2006, **IT IS HEREBY ORDERED** that:

(1)     Defendant's Motion to Dismiss (Doc. 2-1) Count I of Plaintiff's Complaint is **GRANTED** insofar as Count I pertains to Plaintiff's statutory claim that he was denied first party medical benefits in bad faith.

                                                 s/ A. Richard Caputo  
                                                 A. Richard Caputo  
                                                 United States District Judge